UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES C. LAWSON,

    Petitioner,

v.                                          Case No. 8:09-cv-58-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                          /

## **O R D E R**

Lawson petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 9) and challenges his conviction for aggravated battery on a law enforcement officer, for which conviction Lawson serves twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 18) The respondent admits the petition's timeliness. (Response at 4-5 n.2, Doc. 18) The respondent correctly argues that Lawson failed to exhaust the only ground asserted in the petition.

## **FACTS**[1]

On August 18, 2003, Lawson stole a pick-up truck in Palm Harbor, Florida, while the distracted owner was unloading merchandise. The owner immediately advised the police. The truck was quickly discovered and a high-speed chase ensured. Lawson unsuccessfully attempted to elude the officers by speeding, by running several stop lights, and by ramming a police car involved in the chase. Lawson fled from the scene

---

[1] This summary of the facts derives from Lawson's brief on direct appeal. (Respondent's Exhibit 2)

after he was stopped.  The aggravated battery on a law enforcement officer, the only conviction challenged in Lawson's federal petition,[2] is based on Lawson's ramming a police car.

Lawson asserts a single claim of ineffective assistance of counsel, specifically that counsel failed to object when the trial court constructively amended the information.  As ground seven in his state Rule 3.850 motion to vacate (Respondent's Exhibit 19 at 89), Lawson argued that counsel was ineffective for not objecting to the trial court's jury instruction for aggravated battery on a law enforcement officer.  The post-conviction court rejected this claim as follows (Respondent's Exhibit 16A at 133-34) (citations to the record or exhibits omitted):

> Claim 7:  "<u>Ineffective assistance of counsel for failing to properly argue jury instructions that were contrary to the information and which omitted, misapplied, and misstated required elements necessary to constitute the offense charge against the defendant</u>."
>
> The Defendant alleges that counsel was ineffective for failing to properly argue the jury instruction.  Specifically, the Defendant alleges that counsel should have objected to the court placing the word "or" between 2(a) and 2(b) for the instruction for aggravated battery of a law enforcement officer.[3]  The court finds that the Defendant's claim is without merit.
>
> The trial transcript clearly shows that counsel brought to the court's attention the Defendant's concern about placing the word "or" between 2(a) [("used a deadly weapon")] and 2(b) [("intentionally or knowingly caused great bodily harm")] for the instruction for aggravated battery of a law enforcement officer.  . . .  However, after reviewing the jury instruction and Fla. Stat. §784.045, the court determined that the word "or" would be appropriately used in separating the elements found in 2(a) and 2(b).  . . .

---

[2] Lawson was also convicted of grand theft of a motor vehicle, fleeing and eluding a law enforcement officer, leaving the scene of a crash involving property damage, and reckless driving.

[3] The relevant portion of the jury instruction is "2.  James Lawson, in committing the battery (a) used a deadly weapon; or (b) intentionally or knowingly caused great bodily harm."  (Respondent's Exhibit 1, Addendum 4 at 605)

> The court at that time gave the Defendant the option of having 2(a) and 2(b) included in the jury instructions, separated by the word "or," or since there was no evidence of 2(a) adduced at trial, simply having 2(b) read by itself.[4] The Defendant chose to have both items read. Therefore, there was no ineffective assistance of counsel. Furthermore, to the extent the Defendant alleges [that the] trial court committed fundamental error by allowing the jury instruction, the Defendant should have raised that claim on direct appeal. See also Johnson v. State, 841 So. 2d 349, 357 n. 9 (Fla. 2002); Bruno v. State, 807 So. 2d 55, 63 (Fla. 2001).

At trial Lawson erroneously believed that the prosecution was required to prove that he both "used a deadly weapon" and "intentionally or knowing caused great bodily harm." At defense counsel's request, the trial judge explained to Lawson that the prosecutor was required to prove that Lawson either "used a deadly weapon" or "intentionally or knowingly caused great bodily harm," but not both. (Respondent's Exhibit 1, Addendum 4 at 540-41) Lawson never argued in either the trial court, or the post-conviction court, or the appellate court, that the jury instruction was a constructive amendment of the information. The respondent opposes the petition specifically based on Lawson's failure to exhaust.[5]

---

[4] This is a clear misstatement of the record, stating "2(a)" in the order when the record shows that the trial court stated "2(b)". The trial court offered to eliminate the reading of 2(b), the "intentionally or knowingly caused great bodily harm" part of the standard jury instruction because no evidence supported that part. (Respondent's Exhibit 1, Addendum 4 at 541) The trial evidence showed that Lawson used a motor vehicle, which meets 2(a)'s requirement of a deadly weapon.

[5] The exhaustion doctrine precludes review of an unexhausted claim unless the respondent specifically waives the procedural default. "[B]ecause the State did not expressly waive McNair's procedural default in this case, we hold that § 2254(b)(3)['s proscription that the state must expressly waive the exhaustion requirement] applies and that McNair is procedurally barred from raising his extraneous evidence claim." McNair v. Campbell, 416 F.3d 1291,1305 (11th Cir. 2005), cert. denied, 547 U.S. 1073 (2006).

- 3 -

## **EXHAUSTION**

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  Also, a petitioner must present to the federal court the same claim presented to the state court.  Picard v. Connor, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").

A petitioner must alert the state court that he is raising a federal claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

Baldwin v. Reese,  541 U.S. 27, 32 (2004).  As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6

- 4 -

(1982). See also Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted). Although Lawson's jury instruction and constructive amendment claims are both similar and based on the same facts, "[m]ere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. at 366. Because he failed to "fairly present" his claim to state court, Lawson's only claim is unexhausted.

## **PROCEDURAL DEFAULT**

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); Kennedy v. Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143 (11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).

Because Lawson procedurally defaulted his claim, review is foreclosed unless Lawson can satisfy one of two tests. To overcome procedural default, Lawson must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that

- 5 -

failure to consider [the defaulted] claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Lawson must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. at 488. See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Lawson must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis original). Accord Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Lawson must demonstrate that the alleged error so infected the trial that his resulting conviction violates due process. Lawson fails to meet his burden.

As an alternative to showing "cause and prejudice," Lawson must show that dismissal of his procedurally defaulted ground will result in a "fundamental miscarriage of justice," an especial difficulty because Lawson must demonstrate "actual innocence" of the crime of conviction. See Smith v. Murray, 477 U.S. 527, 537 (1986) (citing Murray v. Carrier, 477 U.S. at 496). See also Engle v. Isacc, 456 U.S. 107, 134-35 (1982), and

Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995)[6] (denying certificate of probable cause) (holding that a petitioner must show "as a factual matter that he did not commit the crime of conviction."). Additionally, to meet the "fundamental miscarriage of justice" exception, Lawson must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Lawson must have exhausted what he claims excuses his procedural default, to the extent the basis constitutes an independent constitutional claim. See Murray v. Carrier, 477 U.S. at 488-89 (holding that if ineffective assistance of counsel is alleged as cause to excuse a procedural default, the claim of ineffectiveness must be presented to the state courts as an independent claim), and Hill v. Jones, 81 F.3d 1015, 1830 (11th Cir. 1996) ("[P]rocedurally defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a[nother] claim.") (emphasis original), cert. denied, 519 U.S. 1119 (1997).

Lawson meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default. Consequently, Lawson's claim of ineffective assistance of counsel is procedurally barred from review on the merits.[7]

---

[6] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[7] Even if not procedurally barred from federal review, the underlying claim lacks merit. As the trial judge explained to Lawson (Respondent's Exhibit 1, Addendum 4 at 540-41), the amended information correctly charged aggravated battery on a law enforcement officer and the jury instruction correctly charged the jury according to the statute that Lawson either "used a deadly weapon" or "intentionally or knowingly caused great bodily harm," but not both.

- 7 -

Accordingly, Lawson's amended petition for the writ of habeas corpus (Doc. 9) is **DENIED**.  The clerk shall enter a judgment against Lawson and close this case.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity."  As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Lawson's petition for the writ of habeas corpus was denied on the procedural ground that the only claim asserted is unexhausted and, as a consequence, procedurally barred from federal review. Because jurists of reason would not fairly debate whether the district court was correct in the procedural ruling, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed in forma pauperis on appeal is **DENIED**. Lawson must pay the full $455 appellate filing fee without installments unless the circuit court allows Lawson to proceed in forma pauperis.

ORDERED in Tampa, Florida, on November 9, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE